**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAM TAVAKE, et al.,

    Plaintiffs,

    v.

ALAMEDA COUNTY BOARD OF SUPERVISORS, et al.,

    Defendants.

_____/

No. C 05-0744 PJH

**ORDER RE MOTIONS TO DISMISS AND TO STRIKE FIRST AMENDED COMPLAINT**

Before this court are the motions to dismiss and to strike filed by defendants Alameda County Board of Supervisors, Tona Henninger, Barbara Bowman, and Chris Carmine (collectively, "Alameda County defendants"), and defendants Arthur and Rebecca Durazo. Having read the papers and carefully considered the relevant legal authority, the court rules as follows.[1]

**BACKGROUND**

Pro per plaintiffs Sam and Tami Tavake have sued the defendants for violating their constitutional rights in connection with various searches made of their ranch for zoning violations.

Previously, this court granted leave to amend only to state Fourth Amendment claims as to defendants Alameda County, Henninger, and Bowman based on the August 20, 2004 search only; Fourteenth Amendment equal protection claims as to Alameda County, and § 1983 claims against the Durazos. All other claims were to be dismissed (including the claims against Alameda County for denying their conditional use permit, time-barred claims under

---

[1] Pursuant to Civ. L. R. 7-13, this order shall not be cited except as provided by Civ. L. R. 3-4(e).

the Fourth Amendment, the substantive due process claims, and conspiracy claims against the Durazos, among others).  June 17 Order at 12.

The Tavakes have now filed their first amended complaint ("FAC"), in which they claim that they have been discriminated against because of their inter-ethnic relationship (Sam Tavake is Tongan/Samoan and Tami is Caucasian), and because they rent to Latino tenants. The Tavakes rename previously-dismissed defendant Chris Carmine as a defendant in the FAC, claiming that Carmine ordered the August 20, 2004 search.

The Tavakes number their claims in accordance with the numbering in their previous complaint.  They thus reallege in the "second" cause of action their Fourth Amendment claims against the Alameda County defendants, claiming that the search was illegal and that it was racially motivated.[2]  The Tavakes next claim in the "third" cause of action that they were discriminated against on the basis of their interracial relationship by Alameda County, allege that Alameda County is liable for the actions of its employees in the "fourth" cause of action, and replead a conspiracy cause of action in the "fifth" cause of action against all defendants, including the Durazos.  The Tavakes also add a cause of action for fraud as the "seventh" cause of action, claiming that Henninger, Bowman, Carmine, and the Durazos fraudulently concealed information from the Alameda County Board of Supervisors about manure being dumped in a creek near their house.  The "tenth" cause of action alleges that Alameda County is liable for the actions of its employees for the constitutional violations.

The Alameda County defendants and the Durazos move to dismiss and to strike.

**DISCUSSION**

A.  Legal Standards

   1.  Motion to Strike

A motion to strike is brought under Fed. R. Civ. P. 12(f), and may be used to remove insufficient defenses as well as "redundant, immaterial, impertinent, or scandalous matter" that

---

[2] The FAC does not number their causes of action consecutively.  For convenience, the court will refer to each claim by the number used in the FAC.

2

United States District Court
For the Northern District of California

might otherwise prejudice a party.  See also, e.g., Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

### 2. Motion to Dismiss

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

## B. Motion to Strike

### 1. Incorporation by Reference

The Alameda County defendants first object to the Tavakes' attempts in the FAC to incorporate by reference allegations previously stated in their original complaint, on the grounds that many elements of those previous allegations were subsequently dismissed by the court.  See FAC at 4:26-27, 5:25-27, 6:12-13, 7:2-3, 17-18, 25-26.  The Alameda County defendants request that the court strike from the FAC any references to allegations in the original complaint that refer to matters that were previously dismissed.

Under the "law of the case" doctrine, the Tavakes are bound by the court's previous orders.  Old Person v. Brown, 312 F.3d 1036, 1039 (9th Cir. 2002), cert. denied, 540 U.S. 1016 (2003).  They cannot simply reincorporate allegations made in their previous complaint that have already been dismissed.  Thus, all the previously-dismissed claims that the Tavakes attempt to reassert by reincorporation in the FAC are stricken.  This includes, for example, all claims that were previously dismissed under the statute of limitations, all claims against individual defendants who were previously dismissed and not realleged as defendants in the FAC, and all claims based on searches of the Tavake Ranch to which the court has already

3

found the Tavakes had consented (for example, the January 2005 search), among others.[3]

### 2. Previous Admissions

The Tavakes are also bound by the previous admissions they have made in this case. Sicor Limited v. Cetus Corporation, 51 F.3d 848, 859-60 (9th Cir. 1995). At the last hearing, the Tavakes stated in open court in response to direct questioning by the court that their complaint against the Durazos was based solely on the Durazos' alleged personal animosity towards them. Accordingly, the Tavakes may not now allege that the Durazos' actions were racially-motivated, and all such allegations are stricken from the FAC as well.

In their reply brief, the Alameda County defendants raise the similar argument that the allegations that they discriminated against the Tavakes on the basis of race should be stricken as well, since the Tavakes previously stated in the original complaint that the Alameda County defendants had discriminated against them on the basis of the location of the Tavake Ranch. However, because the court granted the Tavakes leave to explain the reasons for their allegations that the Alameda County defendants had no rational basis to discriminate against them, and because the Tavakes never explicitly stated in open court that the location of their property was the only basis for the discrimination claim against the Alameda County defendants, the court declines to strike these allegations as to the claims against the Alameda County defendants.

### 3. Duplicative Claims

Finally, the Alameda County defendants argue that the "tenth" cause of action should be stricken because it is entirely duplicative of the "third" cause of action. The Alameda County defendants are correct, and the "tenth" cause of action is stricken.

### C. Motions to Dismiss

The Alameda County defendants move to dismiss the "seventh" cause of action only.

---

[3] Because incorporation by reference often creates confusing situations such as these, where parties are not sure what allegations are at issue in the new complaint, incorporation of previous complaints by reference is not permitted in this court. Civ. L. R. 10-1. However, because the Tavakes are proceeding pro per, the court will not require that the Tavakes file a second amended complaint to correct this error.

United States District Court
For the Northern District of California

The Durazos move to dismiss all claims pending against them.

### 1. "Second" Cause of Action

The Durazos request clarification as to whether this cause of action has been pled against them. In reviewing the FAC, the court finds that the Tavakes have only asserted this cause of action against the Alameda County defendants and not against the Durazos.

### 2. "Fifth" Cause of Action

The Durazos, however, claim that the Tavakes may not allege this claim against them, because the § 1985(3) claim was previously dismissed with prejudice as to them. June 17 Order at 10. This is correct. The "fifth" cause of action is dismissed, again with prejudice, as to the Durazos.

### 3. "Seventh" Cause of Action

In the "seventh" cause of action, the Tavakes attempt to state a claim for fraud on behalf of the Alameda County Board of Supervisors, claiming that defendants Henninger, Bowman, and Carmine defrauded the Board by failing to disclose that the Tavakes' neighbors were dumping manure into a creek. All defendants move to dismiss this claim.

The defendants are correct that the Tavakes do not have standing to pursue a fraud claim on behalf of third party Alameda County. See, e.g., Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1152, 1163 (9th Cir. 2002), cert. denied, 538 U.S. 1031 (2003). The fraud claim is thus DISMISSED with prejudice against all parties.

### D. Conclusion

The motions to strike are thus GRANTED as to the Durazos and GRANTED IN PART and DENIED IN PART as to the Alameda County defendants. The motions to dismiss are GRANTED as to both the Durazos and the Alameda County defendants

All the claims against the Durazos in the FAC are now dismissed with prejudice. The case against the Durazos is thus concluded, and they may request that judgment be entered in their favor pursuant to Fed. R. Civ. P. 54(b).

The only parties that remain in the lawsuit are the Alameda County defendants. As for

them, the "seventh" and "tenth" causes of action in the FAC are dismissed with prejudice, and all allegations incorporated by reference from the original complaint that refer to previously-adjudicated issues in this litigation are stricken. The following causes of action remain at issue: the "second" cause of action against defendants Henninger, Bowman and Carmine for violations of the Fourth and Fifth Amendment; the "third" and "fourth" causes of action against Alameda County for violations of the Tavakes' Fourteenth Amendment equal protection rights, and the "fifth" cause of action against Bowman, Henninger, and Carmine for conspiracy.

No further amended complaints shall be filed. The Alameda County defendants shall prepare their response to the FAC within 30 days of the filing of this order, and in a manner consistent with this court's previous rulings. A case management conference is scheduled for October 27, 2005 at 2:30 p.m.

This order fully adjudicates the matters listed at nos. 51 and 60 on the clerk's docket for this case.

**IT IS SO ORDERED.**

Dated: September 20, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge